UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMANDA CHRISTINE CLARK,

    Plaintiff,

v.                         Case No: 2:17-cv-501-FtM-99DNF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on consideration of a Report and Recommendation (Doc. #25) filed on January 11, 2019, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed Objections to the United States Magistrate Judge's Report and Recommendation (Doc. #26) on January 25, 2019, and the Commissioner was allowed to file a belated Response to Plaintiff's Objections (Doc. #29) on February 15, 2019. For the reasons set forth below, the objections are overruled in part and sustained in part. The Decision of the Commissioner is affirmed in part, reversed in part, and remanded with instructions.

**I.**

On October 15, 2010, Plaintiff filed an application for disability insurance benefits (DIB) alleging her disability began on October 13, 2010. Plaintiff's claim was denied initially, upon reconsideration, and after a hearing before Administrative Law Judge (ALJ) M. Dwight Evans. On June 26, 2015, the Appeals Council granted Plaintiff's request for review and remanded the case for further proceedings.

After an administrative hearing on remand, ALJ Maria C. Northington found Plaintiff was not disabled. Applying the five-step sequential process, the ALJ determined as follows: At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from October 13, 2010 until 2014, but did engage in substantial gainful activity from 2014 until 2015. Despite this finding, the ALJ continued with the sequential evaluation process. At step two, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease with remote status-post microdiscectomy decompression; lumbar spondylosis; depression; anxiety; intellectual deficits; chronic venous insufficiency; and obesity. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ

determined Plaintiff had the residual functional capacity (RFC) to perform "a limited range of light work" with the following limitations:

> [Plaintiff has] the ability to occasionally lift and/or carry up to 20 pounds occasionally as defined in the regulations, as well as, lift/carry 10 pounds frequently . . . The claimant has no limits for sitting in an eight-hour workday. She is capable of standing and/or walking for up to four hours in an eight-hour workday. In the course of work, she should be allowed the ability to optionally alternate between sitting and standing about every 30 to 60 minutes, but such would not cause her to be off-task nor would it cause her to leave the workstation. She is able to perform occasional postural functions of climbing ramps/stairs and stooping. She is to perform no crawling, no crouching, no kneeling, and no climbing of ladders/ropes/scaffolds. Secondary to her mental impairments, she retains the capacity to understand, remember and carryout simple instructions and perform simple routine tasks as consistent with unskilled work.

(Doc. #17-2, Tr. 30.) At step four, the ALJ determined Plaintiff was able to perform her past relevant work as a "Cashier 2 (DOT #211.462-010; light; SVP 2)." (Id. Tr. 40.) While this normally would result in a non-disability finding, the ALJ continued with the evaluation process. The ALJ found alternatively at step five that, even if plaintiff was prevented by her impairments from performing her past relevant work, the Commissioner had shown there were a significant number of jobs in the national economy Plaintiff could perform (i.e., ticket taker, call-out operator, and charge

account clerk). Thus, the ALJ concluded Plaintiff was not disabled from October 13, 2010 through the date of the Decision.

The Appeals Council denied Plaintiff's request for review on July 18, 2017, and Plaintiff subsequently filed a Complaint with this Court. (Doc. 1.)

**II.**

Plaintiff raised five issues before the district court: (1) whether substantial evidence supports the ALJ's finding that Plaintiff engaged in substantial gainful activity from 2014 to 2015; (2) whether the ALJ properly weighed the opinion of the medical expert Ronald Kendrick, M.D.; (3) whether the ALJ properly weighed the opinion of psychological consultant Nancy Kelly, Psy.D.; (4) whether substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work; and (5) whether substantial evidence supports the ALJ's finding that Plaintiff could perform a significant number of jobs in the national economy.

After review of the administrative record, the magistrate judge found: (1) substantial evidence supported the finding that plaintiff engaged in substantial gainful activity as a cashier from 2014 to 2015 because plaintiff failed to rebut the presumption created by her income for those periods (or alternatively, that any error in the finding was harmless because the ALJ continued

with the remaining steps in the evaluation process); (2) the ALJ thoroughly explained the reasons for assigning only moderate weight to Dr. Kendrick's opinion and properly rejected the portion of his opinion which limited plaintiff to sedentary work; (3) the ALJ thoroughly explained the reasons for assigning only some weight to Dr. Kelly's opinion concerning plaintiff's mental condition; (4) the ALJ erred in finding plaintiff could perform her past relevant work as a cashier despite her impairments; and (5) the step 4 error was harmless because the ALJ had proceeded to step five, and substantial evidence supported the ALJ's step five finding that plaintiff could perform work as a ticket taker (but not as a call-out operator or charge account clerk) which existed in significant numbers in the national economy.

Plaintiff has filed Objections (Doc. #26) to the Report and Recommendation. Plaintiff's primary objection relates to the step five harmless error determination and the magistrate judge's finding that there were a significant number of jobs in the national economy which plaintiff could perform even when only the ticket taker job is considered. Plaintiff also objects to the magistrate judge's recommended affirmance of the ALJ's findings regarding substantial gainful activity in 2014-2015, the ALJ's treatment of Dr. Kendrick's opinion, and the ALJ's treatment of Dr. Kelly's opinion.

**III.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1358 (11th Cir. 2018); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the

evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

**IV.**

The Court addresses the objections raised by plaintiff in the order they are asserted.

**A. Step Five: Significant Number of Jobs**

"Put simply, the critical inquiry at step five is whether jobs exist in the national economy in significant numbers that the claimant could perform in spite of his impairments, and the ALJ can consider both jobs data drawn from the DOT as well as from the testimony of the VE in making this determination." Washington, 906 F.3d at 1360. Whether there are a significant number of jobs in the national economy is a question of fact for an ALJ to determine. Allen v. Bowen, 816 F.2d 600, 603 (11th Cir. 1987); Atha v. Comm'r, Soc. Sec. Admin., 616 F. App'x 931, 934 (11th Cir. 2015); Brooks v. Barnhart, 133 F. App'x 669, 670–71 (11th Cir. 2005)("The ALJ, relying on the VE's testimony, and not the VE,

determines whether a specific number of jobs constitutes a significant number.")(citations omitted).

The ALJ stated that the vocational expert testified that with the additional limitations as found by the ALJ, plaintiff could perform the jobs of ticket taker (10,000 jobs nationally; light), call-out operator (19,000 nationally; sedentary), and charge account clerk (7,500 nationally; sedentary). (Doc. #17-2, Tr. 41.) The ALJ noted the availability of the sedentary jobs which would "allow for any restrictive limitations that are alleged by the claimant." (Doc. #17-2, Tr. 41-42.) The ALJ concluded:

> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

(Id., Tr. 42.)

As the magistrate judge correctly found, however, the ALJ misstated the vocational expert's testimony, and only the ticket taker job could be performed by plaintiff.[1] The magistrate judge

---

[1] While the Commissioner argues in its Response that the ALJ did not misstate the testimony, and that plaintiff was able to perform all three jobs, the Commissioner failed to file an objection to the Report and Recommendation. Accordingly, the Commissioner has forfeited her right to obtain *de novo* review of that finding under 28 U.S.C. § 636(b)(1)(C). In any event, a *de novo* review confirms the accuracy of the magistrate judge's

found this error was harmless because there were 10,000 such jobs available, which still constituted a significant number of jobs in the national economy, citing Brooks v. Barnhart, 133 F. App'x 669, 671 (11th Cir. 2005)(840 jobs in national economy constituted significant number of jobs).

Plaintiff agrees that only the ticket taker job may be considered, but objects to the harmless error finding by the magistrate judge. Plaintiff argues that the error cannot be harmless because the ALJ made no factual finding at all on this precise issue. Rather, plaintiff argues the case should be remanded for the ALJ to decide in the first instance whether 10,000 ticket taker jobs is a significant number of jobs in the national economy given her individual circumstances.

A factual error by an ALJ can sometimes be subject to a harmless error analysis. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (incorrect factual finding was harmless error because correct finding would not contradict ALJ's ultimate findings); Reeves v. Heckler, 734 F.2d 519, 524 (11th Cir. 1984)(erroneous factual statement harmless error where ALJ actually considered the proper medical evidence); Chiappini v. Comm'r of Soc. Sec., 737 F. App'x 525, 528 (11th Cir. 2018). Here,

---

findings.

the ALJ erred as to plaintiff's ability to perform two of the three jobs, and made no findings at all regarding the sufficiency of the number of ticket taker jobs standing alone. The Court is persuaded by Randazzo v. Berryhill, 725 F. App'x 446, 448 (9th Cir. 2017), which found harmless error did not apply because "10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy." This is particularly so in this case, where the ALJ seemed to take some comfort in the availability of the two sedentary jobs which were erroneously considered. A remand is necessary in order for the ALJ to make a factual finding as to whether the ticket taker job, standing alone, constitute a significant number of jobs in the national economy after considering the claimant's age, education, work experience, and residual functional capacity. Plaintiff's objection is sustained, and the issue will be remanded to the Commissioner.

**B. Step One: Substantial Gainful Activity (SGA)**

At the August 17, 2016 hearing, plaintiff testified that in 2014-15 she would be paid the same every two weeks, even when she missed four or five days of work a month. Plaintiff did not know why, but assumed it was because the owner felt sorry for her. (Doc. #17-3, Tr. 139.) At step one the ALJ found, without discussing or discounting plaintiff's testimony about the four or

five days off each month, that plaintiff had engaged in substantial gainful activity (SGA) during this time period based upon her income levels. (Doc. #17-2, Tr. 24-25.)

The Magistrate Judge found that without corroborating evidence plaintiff could not rebut the presumption of substantial gainful activity created by her income levels, and that no credibility finding was necessary as to the missed work. Alternatively, the Magistrate Judge found any error in such a finding at step one was harmless because the ALJ only found SGA for one year, did not find that plaintiff was performing substantial gainful activity at the time of the hearing, and did not stop the evaluation process at step one.

Plaintiff objects, and argues that the ALJ was required to address this aspect of plaintiff's testimony, but erroneously failed to do so. Plaintiff argues that a credibility determination was necessary because there was no evidence to discredit her testimony, and the ALJ was required to address this testimony before she could determine whether the work in 2014-15 was SGA. Plaintiff relies upon Tieniber v. Heckler, 720 F.2d 1251 (11th Cir. 1983), which held:

> Where, as in the instant case, an agency's credibility determination is crucial to the reviewing court's conclusion under the substantial evidence test, the ALJ must have made a sufficient finding as to the witness' credibility. . . . Thus, where proof of a

> disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.

Tieniber, 720 F.2d at 1254-55. Plaintiff argues that because the ALJ failed to address plaintiff's testimony about missing work four to five days a month, the ALJ improperly found that the work in 2014-15 crossed the SGA threshold.

The ALJ's step one determination did not challenge or conflict with any testimony from plaintiff concerning the four or five days per month she could not work. Plaintiff was paid the same amount even when she did not do the work four or five days a month. Crediting this testimony, as the ALJ apparently did, does not undermine the ALJ's finding of substantial work activity. "Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Even though plaintiff missed four or five days per month, substantial evidence supports the ALJ's finding that plaintiff still engaged in substantial work activity.

Additionally, any error was harmless because the ALJ continued beyond step 1 of the evaluation process. This objection is overruled.

**C. Dr. Kendrick's "Close to Sedentary Work" Opinion**

Dr. Kendrick testified that he would limit plaintiff to "close to sedentary" work based on her past pain issues. (Doc. #17-3, Tr. 124.) As to plaintiff's working in 2014, Dr. Kendrick opined that people with chronic pain have varying capacities to deal with the pain, it is "a total subjective phenomenon", and agreed that plaintiff may have had the capacity to endure the pain at the time. (Id., Tr. 125-126.) Dr. Kendrick did not personally evaluate plaintiff, but reviewed most of the medical evidence.

The ALJ gave Dr. Kendrick's "close to sedentary" opinion moderate weight because this was more appropriate given plaintiff's substantial gainful activity in 2014-2015 and her daily living activities. (Doc. #17-2, Tr. 40.) The ALJ also found that plaintiff could stand/walk for four hours in an eight hour workday based on other medical opinions, including the treating physician. The Magistrate Judge found that substantial evidence supported the ALJ's decision to give Dr. Kendrick's opinion moderate weight.

Plaintiff objects that Dr. Kendrick's opinion limiting plaintiff to sedentary was rejected simply because she was employed

in 2014-2015.  Plaintiff seeks a remand to reconsider Dr. Kendrick's opinion in light of plaintiff's testimony that she missed four to five days of work a month at that job as a cashier. But, as discussed above, the ALJ never discounted this testimony, and substantial evidence supports the ALJ's determination of substantial gainful activity.  The Court finds that the magistrate judge correctly found that substantial evidence supports the ALJ's determination.  The objection is overruled.

### D. Dr. Kelly's "Marked Limitations Maintaining Attention" Opinion

In the Psychological and Intelligence Evaluation (Doc. #17-19), Dr. Kelly found that plaintiff's overall demeanor was cooperative, and she was coherent and goal directed with no evidence of hallucinations, delusions, or paranoia in the evaluation setting.  (Id., Tr. 1040.)  Dr. Kelly observed that plaintiff's cognitive functioning appeared limited, her attention and concentration skills appeared impaired, and plaintiff's judgment was poor.  (Id., Tr. 1041.)  Dr. Kelly found plaintiff had marked limitations maintaining attention.  (Id., Tr. 1043.)

The ALJ found that "[s]econdary to her mental impairments, she retains the capacity to understand, remember and carryout simple instructions and perform simple routine tasks as consistent with unskilled work." (Doc. #17-2, Tr. 30.)  The ALJ concluded:

> Dr. Kelly opined the claimant can follow and understand simple directions and perform simple tasks independently, maintain a regular schedule and learn new tasks and relate adequately with others. She stated the claimant may have marked difficulties maintaining attention, performing complex tasks independently and moderate difficulties making appropriate decisions and appropriately dealing with stress (Exhibit 26F/6). Dr. Kelly's opinion is given some weight. The undersigned has included the claimant's anxiety as a severe impairment to resolve all doubt in her favor. Dr. Kelly noted the claimant may have marked difficulties maintaining attention, performing complex tasks independently, which is not-inconsistent with the above residual functional capacity.

(Doc. #17-2, Tr. 38.)

The Magistrate Judge noted that the ALJ gave some weight to Dr. Kelly's opinion that plaintiff may have a marked limitation with maintaining attention, but found this was not inconsistent with the ALJ's residual functional capacity assessment. The Magistrate Judge noted that Dr. Kelly explicitly stated that plaintiff understood instructions and responded to challenges.

Plaintiff objects that the ALJ failed to explain *why* the marked limitation of maintaining attention was not inconsistent with the residual functional capacity, and that the Magistrate Judge was improperly rationalizing the decision. Plaintiff seeks a remand to clarify whether marked limitation in maintaining attention is consistent with carrying out simply instructions. Plaintiff argues that "marked" "suggest greater limitations than

retaining the capacity to understand, remember, and carryout simple instructions and performing simple routine tasks." (Doc. #26, p. 6.)

Because the case is being remanded to reconsider the step five determination, the Court finds a remand for clarification is appropriate. The objection is sustained.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #25) is **accepted and adopted** by the Court, except for the harmless error finding at step 5 and the weight given to Dr. Kelly's "marked limitations maintaining attention" opinion.

2. Plaintiff's Objections (Doc. #26) is **OVERRULED IN PART AND SUSTAINED IN PART** as discussed above.

3. The Decision of the Commissioner of Social Security is **AFFIRMED** as to steps one, two, and three of the evaluation process, and the weight given to Dr. Kendrick's "close to sedentary work" opinion; the Decision of the Commission of Social Security is **REVERSED** as to the step four finding that plaintiff could return to her past relevant work as a cashier 2, the step five determination that a significant number of jobs existed in the national economy which plaintiff could still perform, and the

weight given to Dr. Kelly's "marked limitations maintaining attention" opinion.

4. The case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) to clarify the weight given to Dr. Kelly's opinion and make factual findings as to whether the number of ticket-taker jobs available in the national economy constitutes a significant number within the meaning of the statute and regulation.

5. The Clerk shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record