UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMANDA CHRISTINE CLARK,

    Plaintiff,

v.                                Case No: 2:17-cv-501-FtM-29DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. #34) filed on June 6, 2019. The Commissioner filed an Opposition (Doc. #35) on June 24, 2019, and plaintiff filed a Reply (Doc. #38) on July 22, 2019, with leave of Court. Plaintiff seeks an award of $8,510.88 in attorney fees and $12.00 in paralegal fees. For the reasons set forth below, plaintiff's petition is granted.

**I.**

On March 8, 2019, the Court issued an Opinion and Order (Doc. #31) adopting in part the Magistrate Judge's Report and Recommendation (Doc. #25). At step five, the Magistrate Judge found that a significant number of jobs existed in the national economy:

> The ALJ's misstatement was harmless, though, as the Court recommends that substantial evidence supports the ALJ's finding that Plaintiff could perform the

ticket taker job because 10,000 jobs in the national economy for the ticket taker position is a significant number of jobs. See Brooks v. Barnhart, 133 F. App'x 669, 671 (11th Cir. 2005) (substantial evidence supported ALJ's finding that 840 jobs in the national economy constituted significant number of jobs); Rodriguez v. Comm'r of Soc. Sec., No. 6:17-cv-1374-Orl-22GJK, 2018 WL 840129, at *6 (M.D. Fla. Jan. 25, 2018) (harmless error where ALJ erred as to one job at step five but made valid findings as to a different job); Johnson v. Comm'r of Soc. Sec., No. 5:14-cv-141-Oc-PRL, 2014 WL 12623026, at *5 (M.D. Fla. Sept. 9, 2014).

(Doc. #25, p. 23.)  The undersigned disagreed with the ultimate conclusion that a significant number of jobs existed in the national economy:

> Here, the ALJ erred as to plaintiff's ability to perform two of the three jobs, and made no findings at all regarding the sufficiency of the number of ticket taker jobs standing alone. The Court is persuaded by Randazzo v. Berryhill, 725 F. App'x 446, 448 (9th Cir. 2017), which found harmless error did not apply because "10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy." This is particularly so in this case, where the ALJ seemed to take some comfort in the availability of the two sedentary jobs which were erroneously considered.

(Doc. #31, pp. 9-10.)  The undersigned affirmed in part the Decision of the Commissioner of Social Security, and remanded to make factual findings as to whether the number of ticket-taker jobs available in the national economy constituted a significant number within the meaning of the statute and regulation, and to also clarify the weight given to Dr. Kelly's opinion.

**II.**

A prevailing party is entitled to fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In seeking an award, plaintiff must show that she is a prevailing party with a net worth that does not exceed $2 million, allege that the position of the United States was not substantially justified, and submit an application with an itemized statement as to the time expended and the rate applied. Scarborough v. Principi, 541 U.S. 401, 408 (2004) (citing 28 U.S.C. § 2412(d)(1)(B), (d)(2)(B)). The Commissioner argues that relief should be denied because its position was substantially justified, even if erroneous.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). The United States Supreme Court "have held that the term 'substantially justified' means 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 n.6 (1990) (quoting Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)). The Eleventh Circuit, as has the

majority of court of appeals, defines 'substantially justified' as:

> The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, at 588 (11th Cir. 1995) (quoting Pierce, 487 U.S. at 565, 108 S. Ct. at 2550. "The government bears the burden of showing that its position was substantially justified." City of Brunswick, Ga. v. United States, 849 F.2d 501, 504 (11th Cir. 1988).

United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997).

In this case, the Court found that "the ALJ erred as to plaintiff's ability to perform two of the three jobs, and made no findings at all regarding the sufficiency of the number of ticket taker jobs standing alone." (Doc. #31, p. 10.) The Court found that a remand was necessary for a factual finding as to whether the ticket taker job standing alone constituted a significant number of jobs in the national economy because the two sedentary jobs were erroneously considered. (Id.) The Court also found that the ALJ should clarify on remand whether marked limitation in maintaining attention is consistent with carrying out simple instructions. (Id., p. 15.)

The Commissioner argues that attorney fees should not be assessed because its position was substantially justified. The Commissioner argues that the ALJ did not mischaracterize the vocational expert's testimony, but actually disagreed with the

vocational expert, and the District Court relied on cases outside of the Eleventh Circuit despite the fact that "Eleventh Circuit has routinely" applied the harmless error test and has found that as few as 840 is a significant number of jobs in the national economy. (Doc. #35, pp. 4-5.)

Having reviewed the record, the Court finds that the Commissioner's position was not substantially justified, and a reasonable person would find that the Commissioner's position did not have a reasonable basis in law and fact. The ALJ did not make a finding on whether there were a significant number of jobs, and the ALJ determined that plaintiff could do jobs that were outside of the vocational expert's testimony. The Commissioner relies on an unpublished case, Brooks v. Barnhart, 133 F. App'x 669 (11th Cir. 2005), which is neither binding nor persuasive. In Brooks, the ALJ's finding that 840 jobs constituted a significant number of jobs in the national economy was found to be supported by substantial evidence because the ALJ made the independent determination after relying on the vocational expert. Brooks v. Barnhart, 133 F. App'x 669, 671 (11th Cir. 2005) (noting that the vocational expert's determination is not binding). Brooks is differentiated from this case because in this case the ALJ erred in his summation of what the vocational expert concluded and therefore the Commissioner was not substantially justified.

III.

As plaintiff is a prevailing party and the position of the United States was not substantially justified, plaintiff is entitled to attorney's fees and costs. A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id. A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Attorney Carol Avard spent 33.50 hours on the preparation of the case, and attorney Mark Zakhvatayev spent 6.50 hours on the case and 2.3 additional hours on the fee petition. Counsel seek a total of $8510.88 in attorney fees and $12 in paralegal fees. The Commissioner objects to the paralegal fees as "clearly clerical" in nature. (Doc. #35, p. 1 n.2.) The Court agrees that the "filing of Objections to Report and Recommendation by CM/ECF" is clerical in nature. This amount will be denied. The Court

finds that the hourly rates and hours expended are otherwise reasonable and due to be awarded.  Counsel attached an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court (Doc. #34-1) which includes an assignment of awarded fees and costs to counsel.  The Court will award the fees to plaintiff, and the fees may be paid directly to counsel if the government determines that plaintiff does not owe a federal debt pursuant to Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. #34) is **GRANTED** except as to the paralegal fees.

2. Attorney fees in the amount of $8,510.88 are hereby awarded to plaintiff, and may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

3. The Clerk shall enter an amended judgment accordingly.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record